IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIMMY HANCOCK                                                                             PLAINTIFF

v.                  Civil No. 5:17-cv-05018

BLAKE CHANCELLOR, Public                                       DEFENDANTS
Defender; JOHN DOE DETECTIVES
AND TRANSPORT OFFICERS,
Fayetteville Police Department; and
JOHN DOE BOOKING OFFICERS,
Washington County Detention Center

**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

According to the allegations of the complaint, Plaintiff was represented on pending criminal state charges by Blake Chancellor, a public defender. Plaintiff alleges Chancellor provided ineffective assistance of counsel in violation of the Sixth Amendment. Specifically, Plaintiff alleges Chancellor: failed to give adequate time to Plaintiff's case; did not perform the tasks Plaintiff asked him to; was overworked; was overly tired and almost sleeping in court; and otherwise acted in an unprofessional manner.

With respect to the John Doe Detectives and Transporting Officers, Plaintiff alleges they threatened him, made promises, and questioned him without advising him of his rights in violation of the Fifth Amendment. Further, he states that at the time he was sick and suffering from drug withdrawal.

With respect to the John Doe Booking Officers, Plaintiff alleges they violated his constitutional rights by taking a DNA sample.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

### (A). Assistance of Counsel Claim

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that a public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

**(B). Fifth Amendment Claim**

The Fifth Amendment to the United States Constitution provides that a person may not be compelled to testify against themselves. *Kastigar v. United States*, 406 U.S. 441, 444 (1972). "[I]t protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Id.* at 444-45.

"Statements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." *Chavez v. Martinez*, 538 U.S. 760, 767 (2003)(citations omitted); *see also United States v. Verdugo-Urquidez*, 494 U.S. 259, 264)(1990)("The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial" (citations omitted)).

The mere questioning by the detectives and transport officers does not violate the Fifth Amendment. Plaintiff has not alleged that any statements he made as a result of the questioning were used against him at trial. No constitutional claim is stated.

**(C). Fourth Amendment Claim**

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures." This guarantee is extended to searches by state officers by the Fourteenth Amendment. However, merely because a DNA sample was taken, does not mean an unreasonable search and seizure was conducted in violation of the Fourth Amendment.

In *Maryland v. King*, 133 S. Ct. 1958 (2013), the Supreme Court reviewed a provision of Maryland law that allowed law enforcement authorities to collect DNA samples, by buccal swabs, from those charged with a crime of violence, an attempt to commit a crime of violence, or burglary. *Id.* at 1967. The Court concluded that "DNA identification of arrestees, of the type approved by the Maryland statute here at issue, is no more than an extension of methods of identification long used in dealing with persons under arrest" including photographing and fingerprinting. *Id.* at 1977; *see also United States v. Kraklio*, 451 F.3d 922 (8th Cir. 2006)(taking of DNA sample from federal probationer did not constitute an unreasonable search and seizure).

Plaintiff's mere allegation that a DNA sample was taken is insufficient to state a claim.

## IV. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. By separate judgment the case will be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (*in forma pauperis* action may be dismissed at any time due to frivolousness or for failure to state a claim).

IT IS SO ORDERED on this 3rd day of May, 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE